## Winokur v. M. L. Blitzstein & Company.

*Contracts—Failure to perform—Measure of damages—Agreement of the parties—Judgment non obstante veredicto.*

Where the parties to a contract for transmission of funds to a foreign country agree that refund for uneffected payments shall be made at the rate of exchange at which the transfer agent can dispose of the currency, the liability of the transfer agent is limited to the value of the foreign currency at the time when the refund should have taken place. In the face of such a contract, the sender is not entitled to recover from the transfer agent the amount of his payments. A verdict having been found for plaintiff in a sum greater than the amount of liability as fixed by the contract, judgment will be entered in accordance with the agreement *non obstante veredicto.*

Rules for judgment *non obstante veredicto* and for reduction of verdict. C. P. No. 5, Phila. Co., June Term, 1922, No. 4766.

*S. Moyerman,* for plaintiff; *S. J. Gottesfeld,* for defendant.

HENRY, P. J., 52nd judicial district, specially presiding, June 19, 1925.—This suit was brought to recover moneys paid to the defendants by the plaintiff in the purchase of roubles, which were to be forwarded by the defendants to the wife of the plaintiff in Russia.

The jury returned a verdict in favor of the plaintiff for $500. The defendants have moved for judgment *non obstante veredicto,* having presented a point for binding instructions in their favor at the trial; and have filed a further motion for a reduction of the verdict to $5.20, so as to conform with the instructions of the court to the jury.

The evidence indicated that on Oct. 3, 1917, the plaintiff paid to the defendants $335, and on Oct. 20, 1917, $165, to be used in the remittance of roubles to the wife of the plaintiff in Russia. The receipts given by the defendants to the plaintiff specified that these payments were "the equivalent of roubles . . ." 2000 for $335 and 1000 roubles for the $165. This receipt specified that it was "for the remittance of . . . roubles to be forwarded to . . ." the wife of the plaintiff, at a specified place in Russia. The plaintiff presented these receipts to sustain his claim, and attached to them was a condition that, in view of the existing political conditions in Russia, money orders were accepted subject to delay and that refund for uneffected payments would be made only at the rate of exchange at which defendants were able to dispose of the roubles in Philadelphia. The plaintiff presented evidence to the effect that the wife had never received the roubles. The defence showed that the roubles had been transmitted through recognized, responsible bankers dealing in foreign exchange, and that remittances had gone forward promptly in the usual and customary way to the Russian-Asiatic Bank, which was of recognized standing in Russia and where the American banks had credits to cover these remittances. The court, at the trial, took the position that the defendants were merely agents of the plaintiff in the transmission of these roubles, and that, as such, the defendants were not responsible if they forwarded this money in the usual and customary way and through responsible parties, but that, owing to the peculiar condition of the receipts given the plaintiff, they were liable to refund uneffected payments, but at the current rate of exchange at Philadelphia at the time when the refund should have taken place. The only evidence of the rate of exchange at Philadelphia, when it was ascertained, or should have been ascertained, that the roubles were not delivered in Russia, was that presented by the defence and which was to the effect that roubles were then worth $1 or $1.20 per thousand. This restricted the plaintiff's

recovery to the sum of $3.60, with interest added, aggregating $5.20, which should have been the verdict of the jury. We fail to see how the plaintiff can expect to recover more than this amount, and judgment *non obstante veredicto* will be entered in favor of the defendants for the amount of the verdict in excess of $5.20.

And now, to wit, June 19, 1925, judgment *non obstante veredicto* is hereby directed to be entered in favor of the defendants for that amount of the verdict exceeding $5.20. An exception to this action of the court is hereby noted in favor of the plaintiff. Judgment is directed to be entered upon the verdict in favor of the plaintiff and against the defendant in the sum of $5.20.